PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LEONCIO LANZA LANZA, Defendant and Appellant.

No. 7502. Argued April 21, 1939.—Decided July 5, 1939.

*Juan Calzada González,* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court. Leoncio Lanza Lanza was twice convicted, first in the municipal court, and later, after a trial de novo, in the district court for a violation of Section 137 of the Penal Code on a complaint which charged that:

The said Lanza, knowing that complainant, an insular inspector of weights and measures, was a public officer in the discharge of

his official duties and acting at the time as such public officer, delayed and obstructed complainant in the performance of his official duties; opposed with tenacious resistance the weighing by complainant of various loaves of bread which were being exhibited and offered for sale by the firm, V. Lanza & Hno., of which the accused was an employee, or a partner, or in which he was interested; forcibly took the said bread from complainant and broke it into pieces thereby preventing complainant from weighing the same.

The first assignment is that the district court erred in not sustaining a demurrer to the complaint. Appellant admits that the complaint states an offense if the doctrine of *People* v. *Rivera,* 25 P.R.R. 700 is to be followed. The argument is that *People* v. *Rivera* was overruled by *People* v. *Delgado,* 30 P.R.R. 376. The complaint, in the instant case, stated an offense. If there be anything in the case of *People* v. *Delgado* inconsistent with this view, the Delgado case is, to that extent, overruled.

■ The second assignment challenges the jurisdiction of the district court on the ground that, while the offense had been committed within the municipal district of San Lorenzo and the complaint had been filed in the Municipal Court of San Lorenzo, complainant's oath had been administered by the secretary of the Municipal Court of Humacao. The brief for appellant fails to establish his contention that this is a jurisdictional question. A similar question was decided adversely to the contention of appellant in *People* v. *García,* 18 P.R.R. 554. The question, if not jurisdictional, cannot be raised for the first time in this Court.

■ The fourth assignment is that the district court erred in the weighing of the evidence and in rendering the judgment, which is not sustained by the evidence. We find no error in the weighing of the evidence; nor can we agree with appellant that the evidence was insufficient to sustain the judgment.

■ The third assignment raises a more serious question. Section 137 of the Penal Code reads as follows:

"Every person who wilfully resists, delays, or obstructs any public officer, in the discharge or attempt to discharge any duty of his office, when no other punishment is prescribed, is punishable by fine not exceeding five thousand (5,000) dollars, and imprisonment in jail not exceeding one year."

Section 20 of the Weights and Measures Law approved August 18, 1913 (Special Session Laws 100, 104) makes the violation of certain rules and regulations a misdemeanor, punishable by a maximum fine of Fifty Dollars, or by imprisonment not to exceed fifty days for the first offense. Section 24 of the regulations referred to provides that: "No person shall impede or obstruct the chief inspector, or his inspectors,...in the performance of their official duties." In the instant case the district judge imposed a fine of $200 with an alternative of one day in jail for each dollar unpaid. We agree with appellant that the penalty should not have exceeded the maximum prescribed by Section 20 of the Law of Weights and Measures.

The judgment appealed from will be modified accordingly, and as modified, affirmed.

Mr. Justice Travieso took no part in the decision of this case.